**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAMELA DACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1775 PLC |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Pamela Dace's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [ECF No. 36] Defendant Commissioner of Social Security filed a response objecting to the amount of fees requested, and Plaintiff filed a reply. [ECF Nos. 39 & 42] The Court heard oral arguments. [ECF No. 50]

**I.    Background**

The instant case has a long history. Plaintiff first filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in December 2007. The Social Security Administration (SSA) denied her applications, and Plaintiff requested a hearing before an administrative law judge (ALJ). The ALJ conducted a hearing and issued a decision denying Plaintiff's applications in March 2010. After the SSA Appeals Council denied Plaintiff's request for review, Plaintiff appealed the ALJ's adverse ruling to the United States District Court for the Eastern District of Missouri.[1]  Plaintiff's counsel represented Plaintiff in the 2014 appeal.

---

[1] In January 2012, while Plaintiff's appeal was pending in the Eastern District, Plaintiff filed a new application for SSI. The SSA denied Plaintiff's application and granted her subsequent request for a hearing before an ALJ. A different ALJ conducted a hearing and issued a decision in

1

In March 2014, Judge Terry Adelman reversed the March 2010 ALJ decision and remanded the case for further development of the record.  Dace v. Colvin, No. 4:12-CV-47 TIA, 2014 WL 1228894 (E.D. Mo. Mar. 25, 2014).  The Appeals Council, in turn, vacated the March 2010 ALJ decision and remanded the case to an ALJ for "further proceedings consistent with the order of the court."

A different ALJ conducted a hearing and issued a decision in January 2016, holding that Plaintiff had the residual functional capacity (RFC) to perform a limited range of medium work.  Plaintiff appealed the ALJ's decision to the Appeals Council and submitted a new neuropsychological report, and the Appeals Council denied the request for review.

Plaintiff appealed the January 2016 ALJ decision to this Court.  In September 2019, the Court reversed the Commissioner's decision denying Plaintiff's application for Social Security benefits and remanded the case to the Commissioner for further proceedings.  [ECF Nos. 32 & 33]  Plaintiff now seeks $8,334.33, representing 33.8 hours of attorney work time at a rate of $206.64 per hour and 15.75 hours of legal assistant time at a rate of $90.00 per hour.  [ECF No. 36]

**II.     Discussion**

The Commissioner does not dispute Plaintiff's entitlement to fees under the EAJA or the requested hourly rate.  The Commissioner argues, however, that the number of hours for which Plaintiff seeks compensation is unreasonable.  [ECF No. 39]  While the Commissioner acknowledges that the 2,599-page record was "quite long," he contends that a total of 49.55 hours was excessive given that:  (1)  the arguments on appeal were neither novel nor complex[2]; (2) the

---

September 2013 denying Plaintiff's application. Plaintiff filed a request for review of the ALJ's decision by the SSA Appeals Council, which denied the request.
[2] In her brief, Plaintiff argued that the ALJ erred in determining her residual functional capacity (RFC) because the ALJ failed to:  (1) properly evaluate the medical opinion evidence; (2) find that Plaintiff's "bladder infections and surgery" constituted severe impairments; and (3) consider the

2

argument portion of Plaintiff's brief was only nine pages long; (3) Plaintiff's counsel was "very experienced in Social Security disability litigation"; and (4) Plaintiff's counsel "was also the briefing attorney when this case was initially remanded" and was therefore "already familiar with the facts and issues of this case." [ECF No. 39]

Additionally, the Commissioner asserts that Plaintiff's counsel 144-page brief in support of the complaint and 93-page statement of material facts contained "unnecessarily detailed recitation of evidence and procedural history." [Id. at 3]  For example, the Commissioner points out that Plaintiff's counsel included in the brief over thirty pages summarizing the previous ALJ hearings.  In regard to the statement of material facts, the Commissioner alleges that twelve pages "were largely irrelevant, as they covered Plaintiff's condition and treatment in years prior to the alleged onset date" and other entries "covered records unrelated to Plaintiff's claim for benefits such as the removal of moles, treatment for pneumonia and bronchitis, removal of a nodule on her arm, gynecological issues, and possible tuberculosis." [Id. at 3-4]  The Commissioner suggests that 28 hours of attorney time and 7 hours of paralegal time, which would result in a total fee of $6,359.92, "would be sufficient to address the arguments and relevant facts presented in this case."

In reply, Plaintiff asserts that the number of hours expended by her counsel was reasonable in light of the lengthy record and the Court's case management order, which required Plaintiff to submit a statement of uncontroverted material facts "with each fact set forth in a separately numbered paragraph and supported by citations to the administrative transcript. [ECF No. 43 at 3 (citing ECF No. 5)]  Plaintiff disputes the Commissioner's assertion that her counsel unnecessarily summarized irrelevant medical records, arguing that it is counsel's responsibility to obtain a

---

"combination of impairments."  Additionally, Plaintiff claimed that the ALJ's decision was not supported by substantial evidence because it did not include a neuropsychological report submitted to the Appeals Council.

3

claimant's "complete medical history" so that the Commissioner can consider the claimant's severe and non-severe impairments in combination as required by the regulations. [Id. at 4]

In support of her position that 33.8 hours of attorney work and 15.75 hours of legal assistant work was reasonable, Plaintiff points to the numbers of hours counsel worked on her case when she appealed to the Eastern District in 2014. After Judge Adelman reversed and remanded, Plaintiff requested $6,628.87 in EAJA fees, representing 23.5 attorney hours and 24.5 legal assistant hours for work (on a case with a 1027-page record), and the Commissioner did not object. Plaintiff argues that if the 2014 request was reasonable, the instant request is reasonable because the record here was "60% longer." Additionally, Plaintiff cites several cases supporting her position that the number of hours her attorney worked was reasonable. See Vaugh v. Heckler, 860 F.2d 295, 296 (8th Cir. 10988) (awarding 77 hours); Evans v. Berryhill, 298 F.Supp.3d 1210 (D. Minn. 2018) (awarding 95 hours); Gaul v. Colvin, No. 13-163 JNE/FLN, 2014 WL 409672 (D. Minn. Aug. 19, 2014) (awarding 75.2 hours); Vossen v. Astrue, No. 07-1567 (D. Minn. Mar. 15, 2011) (awarding 88.75 hours).

The EAJA provides that a prevailing party in an action for judicial review of an agency action is entitled to an award of fees and expenses, unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). To receive a fee award under the EAJA, the applicant must "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award" under the statute. 28 U.S.C. § 1412(d)(1)(B). "A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a 'prevailing party' under the EAJA." Evans, 298 F.Supp.3d at 1211.

A court has "broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion." Reed v. Astrue, No. 4:10-CV-431

4

TIA, 2011 WL 3943606, at *1 (Sept. 7, 2011) (citing Johnson v. Sullivan, 919 F.3d 503, 505 (8th Cir. 1990)). This is because the court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." Hickey v. Sec. of HHS, 923 F.2d 585, 586 (8th Cir. 1991) (quoting Cotter v. Bowen, 879 F.3d 359, 361 (8th Cir. 1989)). In reviewing an EAJA application, a court considers "not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and [] the usual number of hours for similar cases in the area." Gerald M. v. Saul, No. 4:19-CV-284 JMB, 2019 WL 4918110, at * 1 (E.D. Mo. Oct. 4, 2019) (citing Johnson v. Barnhart, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004)).

The Court reviewed the dockets sheets for the 2014 case and instant case, which confirmed that a substantial portion of the record in this case was contained in the 2014 record and previously reviewed and summarized by Plaintiff's counsel. The record in the current case contained approximately 870 pages of medical records that were created after August 2009 and not part of the 2014 record.

The itemized list of services submitted by Plaintiff's counsel establishes that Plaintiff's counsel billed a total of: 26.2 hours (13.7 attorney hours, 12.5 legal assistant hours) for preparation of the statement of uncontroverted material facts; and 13.2 hours (12.2 attorney hours, 1 legal assistant hour) on the brief in support of the complaint. [See ECF No. 36-2] In light of the fact that the new records comprised a relatively small portion of the 2,599-page record, the Court finds that 26.2 hours drafting the statement of uncontroverted material facts was unreasonable.

Additionally, 13.2 hours is an unreasonable number of hours to spend on a nine-page legal argument presenting issues that were neither novel nor complex.

After reviewing the itemized list of services submitted by Plaintiff's counsel, the Court is convinced that a portion of counsel's time billed was excessive. The Court will therefore reduce Plaintiff's requested hours to 12 legal assistant hours and 28 attorney hours, for a total EAJA fee of $6,865.92. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney fees under the EAJA [ECF No. 36] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff is awarded EAJA attorney fees in the amount of $6,865.92, subject to offset for any preexisting debt Plaintiff owes to the United States. After determining whether Plaintiff owes any debt to the United States that is subject to offset, the Commissioner is directed to pay the EAJA fees directly to Plaintiff's attorney.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of May, 2020